for filing a map when land is set aside as a year's support. The reasons for this view are given in the dissenting opinion in *Willcox* v. *Beechwood Co.*, 166 *Ga.* 374 (supra).

---

WILLIAMS et al. v. BROTHERS AND SISTERS OF BENEVOLENCE.

HILL, J. On conflicting evidence the judge did not abuse his discretion in granting the temporary injunction.

*Judgment affirmed. All the Justices concur.*

No. 6176. AUGUST 15, 1928.

Injunction. Before Judge Park. Putnam superior court. July 26, 1927.

At the March term, 1907, of the superior court of Putnam County an order was passed incorporating "Brothers and Sisters of Benevolence," as "a benevolent society" whose object should be "solely to inculcate among its members the principles of morality and rectitude of conduct, harmony and good will, and dispense aid and charity to such worthy objects as they may desire." The corporation was duly organized, and proceeded to carry out the purposes of its organization. It adopted a plan of operation whereby it granted charters in different localities to certain subordinate societies for the purpose of carrying out the objects of the corporation as specified in its charter. In pursuance of such plan, on May 15, 1907, a charter was granted by the corporation to a subordinate society which was called "Free Gift No. 25 Brothers and Sisters of Benevolence." The order of the corporation creating the said subordinate society was as follows: "The Brothers & Sisters of Benevolence. CHARTER. Know all men, that whereas Marshall Young, Jeff Williams, Mack Hargrove and others have filed their petition asking to be established as a branch society of the Brothers & Sisters of Benevolence, and said petition having been duly considered, the same is hereby granted, and the said petitioners and such persons as may become associated with them are hereby chartered as a branch society of said Brothers & Sisters of Benevolence, under the name of Free Gift No. (25), said branch society to be located at Free Gift, in the County of Putnam, State of Georgia, and when established and organized shall have all rights, powers, and privileges conferred upon branch societies by the charter of the said Brothers

& Sisters of Benevolence, including the right to acquire and own in its own right and for its own benefit any property, real or personal, free of any ownership or control of said Brothers & Sisters of Benevolence. In witness whereof, said Brothers & Sisters of Benevolence have hereto caused to be signed the name of its president and its secretary under the corporate seal, this 15th day of May, 1907."

Under this charter the subordinate lodge was organized, and proceeded to carry out the purposes of its organization, in the course of which it accumulated under its said name substantial property. In 1927 the parent corporation "Brothers and Sisters of Benevolence" obtained a renewal of its charter. On May 30, 1927, Jeff Williams and five others filed a petition to the superior court of Putnam County, praying for the incorporation of "Free Gift Society No. 25, Brothers & Sisters of Benevolence," whose object should be "solely to inculcate among its members the principles of morality and rectitude of conduct; to promote among its members harmony and good will, and to dispense aid and charity to such worthy objects as they may desire, and also to bury the dead." On June 18, 1927, a petition was filed by an attorney at law in the name of "Brothers and Sisters of Benevolence" as a corporation against Jeff Williams and his associates, seeking to enjoin the defendants from further prosecuting the application for charter under the name and style "Free Gift Society No. 25, Brothers & Sisters of Benevolence," and from using the same name or any other colorable imitation thereof, whether as a corporation or as an association. The defendants filed a demurrer and an answer. At an interlocutory hearing the plaintiffs read as evidence their sworn petition and introduced other evidence, and the defendants introduced their sworn answer and other evidence. The judge granted a temporary injunction, and the defendants excepted.

*R. C. Jenkins,* for plaintiffs in error: *M. F. Adams,* contra.

---

LOGAN *v.* TENNESSEE CHEMICAL CO.; *et vice versa.*

1. The provisions of the statute as embodied in the Civil Code (1910), §§ 1771, 1777, do not require the annual registration, for each fiscal year, of each brand of fertilizer sold.
2. The second, third, and fourth questions propounded by the Court of Appeals depend upon an affirmative answer to the first question pro-